An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF LAWRENCE J. SEMENZA, II, BAR NO. 789.

No. 68201

FILED

NOV 06 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

## ORDER APPROVING CONDITIONAL GUILTY PLEA AGREEMENT

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that this court approve, pursuant to SCR 113, a conditional guilty plea agreement in exchange for a stated form of discipline for attorney Lawrence J. Semenza, II. Under the agreement, Semenza admitted to a violation of RPC 8.4(b) (misconduct: criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects) based on convictions in federal court on three misdemeanor counts of willful failure to file a tax return.

The agreement provides for a one-year suspension from the practice of law retroactive to the date that this court temporarily suspended Semenza pursuant to SCR 111, *see In re Discipline of Semenza*, Docket No. 67374 (Order of Temporary Suspension and Referral to Disciplinary Board, March 27, 2015). Additionally, Semenza agreed to pay the actual costs of the disciplinary proceeding, excluding bar counsel and staff salaries. The agreed-upon discipline takes into account two aggravating factors (substantial experience in the practice of law and illegal conduct) and five mitigating factors (absence of prior disciplinary record, full and free disclosure and cooperative attitude, character or reputation, imposition of other penalties or sanctions, and remorse). *See*

15-33945

*In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008) (explaining that in determining the appropriate discipline, four factors must be weighed: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors").

Based on our review of the record, we conclude that the agreed-upon discipline is sufficient in relation to Semenza's admitted conduct. *See State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988) (explaining that the purpose of attorney discipline is to protect the public, the courts, and the legal profession, not to punish the attorney). In particular, although his conviction was for a "serious offense," *see* SCR 111(6), the offense did not involve elements such as intentional interference with the administration of justice, false swearing, misrepresentation, or fraud that would warrant a more severe sanction or longer suspension. *See generally* ABA Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards*, Standards 5.11 and 5.12 (2015 ed.). We therefore conclude that the guilty plea agreement should be approved. *See* SCR 113(1). We hereby impose a one year suspension retroactive to March 27, 2015.[1] Additionally, Semenza shall pay the costs of the disciplinary proceedings, excluding bar counsel and staff salaries, within 30 days of receipt of the

---

[1]Due to the length of the suspension, Semenza will be required to petition for reinstatement pursuant to SCR 116.

State Bar's bill of costs. *See* SCR 120. The parties shall comply with SCR 115 and SCR 121.1.

It is so ORDERED.

_____, C.J.
Hardesty

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Gibbons

_____, J.
Pickering

SAITTA, J., dissenting:

Taking into consideration the nature of the criminal conduct, and the aggravating and mitigating factors, I am not satisfied that a one-year suspension retroactive to the date of the temporary suspension is sufficient to protect the public. I therefore dissent as I would reject the conditional guilty plea agreement.

_____, J.
Saitta

cc: Chair, Southern Nevada Disciplinary Board
Wright Stanish & Winckler
Lawrence J. Semenza, II
Stan Hunterton, Bar Counsel, State Bar of Nevada
Kimberly Farmer, Executive Director, State Bar of Nevada
Perry Thompson, U.S. Supreme Court Admissions Office